IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

CARROLL INDEPENDENT SCHOOL
    DISTRICT,

        Plaintiff-Appellee,

                    v.                                    No. 24-10824

UNITED STATES DEPARTMENT OF
    EDUCATION, et al.,

        Defendants-Appellants.

**UNOPPOSED MOTION TO HOLD APPEAL IN ABEYANCE**

In April 2024, the United States Department of Education issued a rule that

makes a variety of amendments to its Title IX regulations. *Nondiscrimination on*

*the Basis of Sex in Education Programs or Activities Receiving Federal Financial*

*Assistance*, 89 Fed. Reg. 33,474 (Apr. 29, 2024) (Rule). Shortly after the Rule

issued, plaintiffs across the country filed challenges to the Rule and sought

immediate preliminary injunctive relief.

Three such challenges were filed in this Circuit, and appeals from the three

preliminary injunctions issued in those cases are currently pending before this

Court. One of those appeals—*Louisiana v. U.S. Department of Education*, No. 24-

30399 (5th Cir.)—is fully briefed and set to be argued on November 4, 2024. A

second—*State of Texas v. United States*, No. 24-10832 (5th Cir.)—has been held

1

in abeyance by joint motion of the parties pending issuance of the mandate in the

*Louisiana* appeal.  This is the third of those appeals.  For the reasons set forth

below, defendants-appellants request that this Court take the same course as in the

*Texas* appeal and hold this appeal in abeyance pending issuance of the mandate in

*Louisiana v. U.S. Department of Education*, No. 24-30399 (5th Cir.).  Plaintiff-

appellee does not oppose this motion.

1. This case involves a suit brought by Carroll Independent School District,

a school district in Texas, challenging the Rule.  After the Rule issued, the School

District filed this action in the Northern District of Texas.  The School District

moved for a preliminary injunction against the Rule.  The district court granted the

motion for a preliminary injunction on July 11, 2024, and the United States

appealed that order on September 6, 2024.  Appellants' opening brief is currently

due on November 25, 2024.

2. A few weeks before plaintiff  filed this action, several other states,

eventually joined by a number of school boards, filed a similar action in the

Western District of Louisiana, *Louisiana v. U.S. Department of Education*, No.

3:24-cv-563 (W.D. La.).  And on the following day, a school board in Louisiana

filed its own challenge to the Rule.  *School Board of Rapides Parish v. U.S.

Department of Education*, No. 1:24-cv-567 (W.D. La).  The district court in

Louisiana consolidated those cases and granted the parties' motions for a

preliminary injunction on June 13, 2024, for largely the same reasons as the district court in this case.

The United States appealed that order to this Court on June 24, 2024. *Louisiana v. U.S. Department of Education*, No. 24-30399 (5th Cir.). Briefing is complete in the *Louisiana* appeal, and this Court has expedited argument, setting the case to be argued on November 4, 2024.

3. In another related case, the State of Texas challenged the Rule, also in the Northern District of Texas, and obtained a preliminary injunction of its own on July 11, 2024. *See* Memorandum Opinion and Order, *Texas v. United States*, No. 2:24-cv-86-z (July 11, 2024, N.D. Tex.). The *Texas* injunction and the *Louisiana* injunction rely on materially similar reasoning. The United States appealed that injunction, *State of Texas v. United States*, No. 24-10832 (5th Cir.), and on October 1, the parties in the *Texas* appeal joinly moved to hold that appeal in abeyance pending the issuance of the mandate in the *Louisiana* appeal. This Court granted the joint motion to hold the *Texas* appeal in abeyance on October 16, 2024. Order, *State of Texas v. United States*, No. 24-10832 (Oct. 16, 2024, 5th Cir.), ECF No. 35.

4. Because this appeal and the pending *Louisiana* appeal raise the same legal questions about the challenged Rule, and because the *Louisiana* appeal is set for argument in two weeks and will necessarily bear on those legal questions,

defendants-appellants ask this Court to hold this appeal in abeyance pending

issuance of the mandate in the *Louisiana* appeal. Plaintiff does not oppose this

motion.

This Court has already agreed to hold the related *Texas* appeal in abeyance,

and it should take the same course here for largely the same reasons. First, holding

this case in abeyance will preserve judicial and party resources by deferring

briefing and consideration of this case until after this Court has resolved the

*Louisiana* appeal. Second, it will prevent different panels of this Court from being

presented with the same legal questions in different cases. Finally, plaintiff will

not be prejudiced by delaying resolution of this appeal because the preliminary

injunction remains in effect.

## CONCLUSION

For the foregoing reasons, this Court should grant this unopposed motion and hold this case in abeyance pending issuance of the mandate in *Louisiana v. U.S. Department of Education*, No. 24-30399 (5th Cir.).

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney
    General*

MELISSA N. PATTERSON
 */s/ Jack Starcher*
JACK STARCHER
DAVID L. PETERS
STEVEN A. MYERS
  (202) 514-4332
  *Attorneys, Appellate Staff*
  *Civil Division*
  *United States Department of Justice*
  *950 Pennsylvania Ave., N.W., Rm. 7323*
  *Washington, D.C. 20530*

**Counsel For Defendants-Appellants**

OCTOBER 2024

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2024, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system and that counsel for the parties will be served through that system.

    s/Jack Starcher        
Jack Starcher

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 771 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Times New Roman 14-point font, a proportionally spaced typeface.

*s/ Jack Starcher*
Jack Starcher