

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 514-1673

March 11, 2025

VIA CM/ECF

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

      RE:    *Carroll Independent School District v. U.S. Dep't of Education*, No. 24-10824

Dear Mr. Cayce:

      We write pursuant to Federal Rule of Appellate Procedure 28(j) to inform the Court that on February 19, 2025, the district court issued an order entering final judgment in this matter. *See* Order, *Carroll Indep. Sch. Dist.* v. *U.S. Dep't of Educ.*, No. 4:24-cv-461 (Feb. 19, 2025), ECF No. 87. The entry of final judgment moots this appeal.

      This litigation concerns the Department of Education's 2024 rule implementing Title IX of the Education Amendments of 1972. *See* 89 Fed. Reg. 33,474 (2024). In July 2024, the district court entered a preliminary injunction barring enforcement of the rule against plaintiff. *See Carroll Indep. Sch. Dist.* v. *U.S. Dep't of Educ.*, 741 F. Supp. 3d 515 (N.D. Tex. 2024). The federal defendants filed this appeal. During the pendency of this appeal, the district court entered final judgment on plaintiff's claims.[1]

---

[1] Another district court in a separate matter also issued a final judgment, vacating the rule. *See Tennessee v. Cardona*, 2025 WL 63795 (E.D. Ky. Jan. 9, 2025), *as amended* (Jan. 10, 2025). The time to file a notice of appeal from that court's entry of final judgment expired on March 10, 2025, *see* Fed. R. App. P. 4(a)(1)(B); the federal defendants there declined to seek further review of the district court's judgment.

The entry of final judgment moots this appeal from the district court's preliminary injunction order. It is well established that a case may become moot on appeal if intervening events make it impossible for a court of appeals to grant any effectual relief. *See Koppula v. Jaddou*, 72 F.4th 83, 84 (5th Cir. 2023). Because "there is no need for a preliminary injunction to preserve the status quo during the pendency of trial court proceedings that are now over," a final decision on the merits extinguishes a preliminary injunction. *Id.*; *see also Adams v. Baker*, 951 F.3d 428, 429 (6th Cir. 2020) (per curiam) (same). Accordingly, the entry of final judgment here dissolves the district court's preliminary injunction order and renders this appeal from that order moot. This appeal therefore should be dismissed as moot.

Sincerely,

s/ *David L. Peters*
David L. Peters
U.S. Department of Justice
Appellate Staff, Civil Division

cc (via CM/ECF): Counsel of Record